UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                        :
**FOUNDATION CAPITAL RESOURCES,**       :
**INC.,**                               :
                                        :
      Plaintiff,  :    Civil Action No. 3:17-cv-0135(JAM)
                                        :
      v.           :
                                        :
**PRAYER TABERNACLE CHURCH OF**         :
**LOVE, INC.**                          :
                                        :
      Defendant.   :    July 6, 2017
_____:

### PLAINTIFF'S OBJECTION TO MOTION FOR ENLARGEMENT OF TIME TO REPLY TO MOTION TO STRIKE AND FILE MOTION TO SET ASIDE DEFAULT

Plaintiff Foundation Capital Resources, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby objects to the Motion for Enlarment [sic] of Time To Reply to Motion to Strike and File Motion to Set Aside Default (the "Motion to Enlarge Time") filed by Defendant Prayer Tabernacle Church of Love, Inc., ("Defendant") dated July 4, 2017 [ECF No. 38].

On May 25, 2017, after a default for failure to plead had been entered by the Court and after the Court denied the Defendant's Motion for an Enlargement of Time to Plead, the Defendant filed its Answer, Special Defenses and Counterclaims (the "Answer") [ECF No. 36].

1

The Answer, filed out of time, and after the entry of a default is procedurally invalid. Notwithstanding the Defendant's improper pleading, Plaintiff filed a Motion to Strike the Answer (the "Motion to Strike") on June 13, 2017 out of an abundance of caution and to eliminate any confusion in the Court's Docket [ECF No. 37]. Immediately upon the Plaintiff's filing, the Court, through ECF, generated a "response deadline" of July 4, 2017 (the "Objection Deadline") to the Plaintiff's Motion to Strike. As such, Defendant had twenty-two (22) days (from June 13, 2017 through July 5, 2017[1]) to file a response to Plaintiff's Motion to Strike the Answer.

On July 4, 2017, Defendant filed its Motion to Enlarge Time to respond to Plaintiff's Motion to Strike. In support of its Motion to Enlarge Time, Defendant, through his purported new counsel, Andre Cayo, Esquire, indicates that "he was unable to secure an affidavit from Attorney Dennis Bradley" due to the July 4th holiday weekend.

As stated above, the Defendant had three weeks to secure whatever affidavits or documents were necessary to respond to the Plaintiff's Motion to Strike. The 4th of July holiday weekend should have come as no surprise to the Defendant or his purported counsel. Moreover, Attorney Andre Cayo has yet to file an appearance in this case on behalf of the Defendant. As such, it is unclear if Attorney Cayo is now representing the Defendant or if Attorney Dennis Bradley is representing the Defendant. Irrespective of Attorney Cayo's role,

---

[1] Pursuant to ECF No. 37, any response to the Plaintiff's Motion to Strike had to be filed by 7/4/2017. However, Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure provides in pertinent part, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." As such, even though the Docket Sheet indicates that the response date was July 4th, because it is a legal holiday, the response date was July 5, 2017.

2

Attorney Dennis Bradley remains the counsel of record on behalf of the Defendant and could have filed whatever pleading Defendant wanted to in advance of the July 5th response deadline.

Since the commencement of this action more than six (6) months ago, the Defendant has done nothing but engage in a continuous course of delay. Plaintiff is being prejudiced by the Defendant's dilatory conduct as it is owed over $12 million dollars on three loans that were made in 2007, 2008 and 2009. Defendant has not made a mortgage payment in over 4 years despite the fact that it continues to collect rental income from several of its properties and generates annual revenues in excess of a million dollars. Plaintiff's collateral continues to dissipate while Defendant seeks to prolong these proceedings. Defendant's dilatory procedural tactics should not be sanctioned by the Court.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Motion to Enlarge Time and for such other and further relief as the Court deems just and proper.

PLAINTIFF FOUNDATION CAPITAL RESOURCES, INC.

By     /s/ Kristin B. Mayhew
Kristin B. Mayhew (ct20896)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
30 Jelliff Lane
Southport, CT 06890-1436
Tel. (203) 319-4000
Fax (203) 259-0251
Email: kmayhew@mdmc-law.com

KBM/233616/0006/1447158v1
07/06/17-HRT/BD

## CERTIFICATE OF SERVICE

This is to certify that on July 6, 2017, a copy of the foregoing was filed electronically and served by mail on the parties identified below. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                    */s/ Kristin B. Mayhew*
                                                    Kristin B. Mayhew

KBM/233616/0006/1447158v1
07/06/17-HRT/BD