## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
:
FOUNDATION CAPITAL RESOURCES,          :
INC.,                                  :
                                       :
            Plaintiff,                 :     Civil Action No. 3:17-cv-0135(JAM)
                                       :
            v.                         :
                                       :
PRAYER TABERNACLE CHURCH OF            :
LOVE, INC.                             :
                                       :
            Defendant.                 :     July 28, 2017
_____:

## PLAINTIFF'S OBJECTION TO DEFENDANT'S
## MOTION TO SET ASIDE DEFAULT

Plaintiff Foundation Capital Resources, Inc. ("Plaintiff"), by and through its

undersigned counsel, hereby objects to the Motion to Set Aside Default filed by Defendant

Prayer Tabernacle Church of Love, Inc. ("Defendant").  The Defendant seeks to set aside the

default previously entered by the Court on April 27, 2017, for failure to respond to Plaintiff's

Complaint.  The Defendant's Motion to Set Aside Default must be denied because the

Defendant fails to establish "good cause" within the meaning of Federal Rule of Civil

Procedure 55(c).  The default should not be vacated because: (i) the Defendant's failure to

plead was a willful violation of a Court order; (ii) the Defendant has failed to establish a

meritorious defense to the foreclosure action; and (iii) Plaintiff will be severely prejudiced by

the setting aside of the default.

1

## PROCEDURAL BACKGROUND

On January 30, 2017, the Plaintiff commenced this action by way of summons and complaint (the "Complaint") [ECF No. 1].  On February 1, 2017, proper service was made upon Prayer Tabernacle [ECF No. 10].  Pursuant to the Summons, Prayer Tabernacle was required to file an answer or otherwise plead on or before February 22, 2017 [ECF No. 8].

On February 22, 2017, with no attorney having entered an appearance on its behalf, Prayer Tabernacle filed its initial pleading, which it styled as "Defendant's Third Special Defenses and Counterclaims." [ECF No. 11].  Defendant's pleading was signed by Pastor Kenneth H. Moales, Jr., on behalf of Prayer Tabernacle [ECF No. 11 at p.46].

On February 24, 2017, Plaintiff filed its Motion to Strike Filing and For Entry of Default Against Defendant Prayer Tabernacle Church of Love, Inc., on the basis that the Defendant is a corporation that cannot appear *pro se*.  [ECF No. 12].

On March 10, 2017, Plaintiff filed a Motion to Drop the Federal Deposit Insurance Company (the "FDIC") as Receiver for Community's Bank as a Defendant Pursuant to Federal Rule of Civil Procedure 21 (the "Motion to Amend").  [ECF No. 15].

On March 10, 2017, Plaintiff filed a Motion to Appoint a Receiver of Rents (the "Receiver of Rents Motion"). [ECF No. 16].

On March 14, 2017, the Court held a telephonic Status Conference in this case in which Pastor Kenneth Moales, Jr., and the undersigned attended.  During the telephonic status conference, Judge Fitzsimmons advised Pastor Moales that the Defendant could not appear *pro se* in these proceedings and that the Defendant needed to retain counsel.  During that Status Conference, Pastor Moales requested a 30 – 45 day continuance in order to obtain counsel to

2

represent the Defendant citing the lack of funds necessary to retain counsel.  Judge Fitzsimmons denied Pastor Moales' request and set a hearing on the Motion to Amend and the Receiver of Rents Motion for March 30, 2017.  Judge Fitzsimmons informed Pastor Moales that an attorney needed to appear on behalf of the Defendant at the hearing on March 30th or the Defendant may be defaulted for failure to plead.

On March 15, 2017 [ECF No. 21], the Court entered an order indicating that a corporation cannot appear *pro se* and citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2nd Cir. 1991) in support thereof.  ECF Entry 21 further states that "[a] hearing on the pending motions is scheduled for March 30, 2017, at 11:00 a.m.  The Pastor was advised that the failure of an attorney to appear could result in the entry of default for failure to plead and may result in the entry of default judgment against the Church."

Attorney Dennis Bradley appeared at the hearing on March 30, 2017, as counsel for the Defendant.  Additionally, Pastor Moales and his wife, Peggy Moales, both appeared at the hearing and sat at counsel table throughout the proceedings.  Even though the Court made plain at the Status Conference held on March 14, 2017, that there would be a hearing on, *inter alia*, the Receiver of Rents Motion on March 30, counsel for the Defendant was not prepared to argue the motion and orally requested an extension of time to respond to same. Specifically, Attorney Bradley asked for a 1-week extension to respond to the Complaint and asked for an additional 2-week extension to respond to the Receiver of Rents Motion. [ECF No. 23].  The Plaintiff did not object to the request for an extension of time.

The Court granted Defendant's oral motion and gave the Defendant until April 7, 2017, to respond to the Complaint and until April 14, 2017, to respond to the Receiver of Rents

3

Motion.  The Court also granted the Plaintiff's Motion to Amend in order to drop the FDIC as a Defendant in the action. [ECF No. 24].

Defendant failed to comply with the Court deadlines and did not file responses to either the Complaint or the Receiver of Rents Motion within the requisite time period as stated on the record at the hearing on March 30.  Nor did counsel for the Defendant at any time contact the undersigned requesting additional time to respond or inform the undersigned of a family medical emergency.

On April 10, 2017, the Plaintiff filed a Motion for entry of Default against Defendant Prayer Tabernacle Church of Love, Inc., pursuant to Federal Rule of Civil Procedure 55(a) (the "Motion for Default") and properly served the Motion for Default electronically. [ECF No. 26].

The Court granted the Motion for Default on April 27, 2017 and entered a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a).  The Court further ordered the Plaintiff to file a Motion for Default Judgment on or before May 27, 2017. [ECF No. 27].

On May 15, 2017, Plaintiff filed its Motion for Default Judgment and for Entry of Order of Strict Foreclosure Pursuant to Federal Rule of Civil Procedure 55(b)(2) (the "Motion for Default Judgment") and in support thereof filed its Affidavit of Debt, Affidavit of Appraiser, Affidavit of Attorneys' Fees, and a Foreclosure Worksheet in accordance with Connecticut State Law. [ECF Nos. 28-32].

On May 18, 2017, Attorney Andre Cayo, who does not have a formal appearance in this case, filed a Motion for Enlargement of Time to File Appropriate Pleading ("Motion to

Enlarge Time") on behalf of the Defendant. [ECF No. 33].  Pursuant to the Motion to Enlarge Time, the Defendant sought an additional 30 days to plead on the basis that its Attorney, Dennis Bradley, "was unable to get a hold of previous counsel (Attorney Crumbie) who represented the Defendant in the State court" and that Attorney Bradley was "unable to access his ECF account and had difficulties logging into the system to file papers." (ECF No. 33 at p. 1).  Notably absent from Attorney Cayo's request for additional time was any reference to Attorney Bradley having a family medical emergency.

On May 19, 2017, Plaintiff filed an Objection to Motion for Enlargement of time to File Appropriate Pleading. [ECF No. 34].  On May 20, 2017, the Court denied Defendant's Motion to Enlarge Time. [ECF No. 35].

Notwithstanding the Court's denial of the Defendant's Motion to Enlarge Time, the Defendant filed an Answer, Special Defenses and Counterclaim on May 25, 2017.  [ECF No. 36].  On June 13, 2017, Plaintiff filed its Motion to Strike the Defendant's Answer, Special Defenses and Counterclaim (the "Second Motion to Strike") and renewed its Motion for Judgment of Strict Foreclosure [ECF No. 37].

On July 4, 2017, Defendant once again filed a request for an extension to respond to the Second Motion to Strike and Plaintiff objected thereto.  [ECF No. 38 & 39].

On July 10, 2017, the Court granted Defendant's request for additional time to respond to the Second Motion to Strike and gave Defendant until July 11, 2017, to respond to the Motion to Strike.  [ECF No. 40].

On July 11, 2017, Defendant filed a Second Motion to Enlarge Time (the "Second Motion to Extend") to respond to the Motion for Default Judgment and the Second Motion to

Strike.  [ECF No. 43].  Plaintiff filed an objection thereto on July 12, 2017. [ECF No. 44].

On July 13, 2017, Defendant filed its Motion to Set Aside Default.  [ECF No. 45].

On July 17, 2017, the Court granted Plaintiff's Second Motion to Strike and granted Defendant's Second Motion to Extend Time.  [ECF No. 46].

## ARGUMENT

### I.   The Defendant Cannot Establish Good Cause Necessary to Vacate the Default Pursuant to Federal Rule of Civil Procedure 55(c)

Defendant asserts that the default entered on April 27, 2017, should be set aside for "good cause" and points to Attorney Bradley's affidavit (the "Affidavit") in support thereof. Attorney Bradley states in his Affidavit that he has had a family medical emergency that he has been dealing with and retained the services of Attorney Cayo to represent the Defendant.  In further support of its Motion to Set Aside Default, the Defendant states it has a meritorious defense and that Plaintiff violated Connecticut General Statute Section 49-311. As discussed below, Defendant has not established "good cause" necessary to vacate the default as required by Federal Rule of Civil Procedure 55(c).

"A motion under Rule 55(c) to set aside an entry of default is addressed to the sound discretion of the district judge." *State Farm Mut. Auto ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011). "Because the trial judge is the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties, a reviewing court will defer to his decision unless it is clearly wrong." *Id.* at 455.

6

Federal Rule of Civil Procedure 55(c) provides that "for good cause shown" the Court may set aside an entry of default made pursuant to Federal Rule of Civil Procedure 55(a). Although the rule does not define "good cause", the Second Circuit has "advised district courts to consider three factors in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded." *Id.* at 455.

## A. The Defendant's Failure to File An Answer Was Willful

"In the Second Circuit, willfulness does not include careless or negligent errors." *Speaks v. Donato*, 214 F.R.D. 69, 73 (D. Conn. 2003) *citing American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996). Moreover, because

> the degree of negligence in precipitating a default is a relevant
> factor to be considered, along with the availability of a
> meritorious defense and the existence of prejudice, in determining
> whether a default judgment should be vacated . . . [g]ross
> negligence can weigh against the party seeking relief from a
> default judgment, though it does not necessarily preclude relief.

*Id.* "When a defendant is continually and 'entirely unresponsive,' [the] defendant's failure to respond is considered willful." *Lent v. CCNH, Inc.*, No. 5:13-CV-942(MAD/ATB), 2015 WL 3463433 (N.D.N.Y. June 1, 2015) at *4 (citations omitted). Moreover, a "willful and deliberate disregard for [court] orders . . . militates in favor of a default judgment." *Joseph v. HDMJ Restaurant, Inc.*, 970 F.Supp.2d 131, 141 (E.D.N.Y. 2013) *quoting Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp.2d 114, 123-24 (E.D.N.Y. 2011); *see also H. Daya Int'l Co., Ltd. v. Do Denim, LLC*, No. 11 Civ. 4028(JCF),  2012 WL 2524729, at *4

7

(S.D.N.Y. June 29, 2012)("Continued noncompliance with a court order suggests willfulness").

In the case at bar, the Defendant – having already gotten the benefit of a six-week extension of time to plead – sought an additional one-week extension at the hearing before Judge Fitzsimmons on March 30, 2017. In fact, in response to the Defendant's request for an extension of time to plead, the Court asked Attorney Bradley how much time he needed to prepare a response to the Complaint and to the Motion for Receiver of Rents.  Attorney Bradley indicated that he needed 1-week to respond to the Complaint and 2-weeks to respond to the Motion for Receiver of Rents and the Court granted the request.  Both Pastor Moales and his wife were present at that hearing and were well aware that the Defendant's attorney had agreed to file a responsive pleading within 1 week from the hearing date or on or before April 7, 2017.

Notwithstanding the requirement to file a pleading responsive to the Complaint on or before April 7, the Defendant took no action with respect to same. Nor did the Defendant respond to the Plaintiff's Motion for Receiver of Rents.  The Defendant did not file a motion to extend time and seek additional time to plead nor did the Defendant or its counsel contact the undersigned and indicate that there was any type of family medical emergency necessitating additional time.

In fact, the Defendant took no action from March 30, 2017 until May 18, 2017, when Attorney Cayo filed a Second Motion for Extension of Time to Plead. [ECF No. 33]. Attorney Cayo's motion to extend sought an additional 30-days to plead on the basis that

KBM/233616/0006/1450297v1
07/28/17-HRT/BD

Attorney Bradley was "unable to get a hold of previous counsel (Attorney Crumbie) who represented the Defendant in the State court" and was "unable to access his ECF account and had difficulties logging into the system to file papers."  Nowhere in Attorney Cayo's Second Motion for Extension of Time to Plead does Attorney Cayo make any reference to Attorney Bradley having a family medical emergency that prevented him from complying with the Court's order.  To the contrary, Attorney Cayo provided reasons why he needed the extension and explained that Attorney Bradley could not access ECF or get the information he needed from Attorney Crumbie – yet none of these reasons had anything to do with a family medical emergency.

Moreover, Pastor Moales was sitting in the Courtroom at counsel table when Attorney Bradley sought, and received, the 1-week extension of time to file an answer.  As the representative of the Defendant, Pastor Moales had first-hand knowledge of the Defendant's requirement to plead even if the Defendant's counsel was unavailable.  This is not a situation where the defendant was uninformed about the Court's orders and relied solely on communications from counsel.

The Defendant and its counsel's failure to respond to the Complaint was a willful and deliberate disregard of the Court's order.  *See generally Speaks v. Donator*, 214 F.R.D. at 73-74 (finding willfulness where the attorney for the defendant failed to enter an appearance and failed to file a motion for extension of time); *see also Lent v. CCNH, Inc.,* 2015 WL 3463433, at *4 ("the continual failure of CCNH to respond to the Complaint sufficiently demonstrates willfulness" where the summons and complaint were properly served and the defendant failed

9

to file an answer or an extension of time to plead); and *Powerserve Int'l Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)(upholding default judgment where "the record was clear that [individual and corporate defendants], not having obtained counsel as ordered by the time of the January 1999 conference (and having filed no papers in opposition to the default motion by the court's March 1 deadline), were in default"). As such, this factor militates against vacating the entry of default.

### B. The Defendant Has Failed to Raise a Meritorious Defense to the Foreclosure Action

In order for the Court to vacate the default, the Defendant must raise a meritorious defense to the foreclosure action. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F.Supp.2d 114, 124 (E.D.N.Y. 2011). "However, a defendant 'must present evidence of facts that if proven at trial, would constitute a complete defense.'" *Id. quoting SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998). "Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense." *Lent v. CCNH, Inc.*, 2015 WL 3463433, at *4 *citing Empire State Carpenters Welfare Fund v. Darken Architectural Wood*, No. CV 11-46(JS)(AKT), 2012 WL 194075, *3 (E.D.N.Y. Jan. 17, 2012). "[A]ccordingly, this factor weighs in favor of granting a default judgment." *Id.*

In the case at bar, the Defendant has failed to file an answer and raise a meritorious defense to Plaintiff's foreclosure action. Although Defendant states that it "has a meritorious defense in this case" it fails to identify what that defense might be; instead Defendant points to

a pleading taken from the earlier state court action and one that has been stricken from the docket by this Court.

Defendant further argues that the default should be opened because "Plaintiff violated Connecticut General Statute 49-311 [sic]." (Defendant's Motion to Set Aside at p. 1). More specifically, Defendant takes the position that the Plaintiff violated the foreclosure laws in Connecticut by failing to provide the Defendant with a Notice of Foreclosure Mediation pursuant to Connecticut General Statute Section 49-31*l* that entitles it to an 8-month mediation period. (Defendant's Motion to Set Aside at pp. 2-4).

Defendant is mistaken. Plaintiff did not violate Connecticut General Statute Section 49-31*l* nor was it required to provide the Defendant with a Notice of Foreclosure Mediation. Defendant is not entitled to participate in the state court foreclosure mediation program with respect to the present action.[1] Section 49-31m of the Connecticut General Statutes establishes that each judicial district in Connecticut shall have a foreclosure mediation program, which addresses all issues relating to the foreclosure and is conducted by foreclosure mediators. Conn. Gen. Stat. §49-31m.  "However, the mediation program is simply a procedure incident to a state court proceeding and does not create a substantive right." *Eastern Savings Bank, FSB v. Souphaphone*, Civil Action No. 3-13-CV-01459 (JCH), 2014 U.S. Dist. LEXIS 48873, at *8, n.4 (April 9, 2014)  "That the federal courts may not 'deny substantive rights created by State law . . . does not mean that whatever equitable remedy is available in a State court must

---

[1] It should be noted that both Plaintiff and Defendant participated in the State Court Foreclosure Mediation Program in connection with the earlier foreclosure action between the parties that had been pending at Docket No. FBT-CV13-6036501-S in the Judicial District of Fairfield at Bridgeport.  For a period of nine (9) months, from July 2013 through March 2014, the Plaintiff and Defendant participated in no less than four (4) mediation sessions.  Needless to say the mediation was unsuccessful and simply delayed resolution of this matter.

11

be available in a diversity suit in a federal court.'" *Id. quoting Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 105, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

As such, Defendant is not entitled to participate in an additional delaying round of the Connecticut State Court's foreclosure mediation program as established pursuant to Connecticut General Statute Section 49-31m in conjunction with the instant litigation.  Even if Defendant was entitled to participate in that program (a point Plaintiff in no way concedes), such program does not create a meritorious defense and does not weigh in favor of vacating the entry of default.

### C.  The Plaintiff will be Prejudiced If The Default is Vacated

The final factor that the Court must consider in deciding whether to vacate the entry of default is the extent to which the non-defaulting party would be prejudiced.  *See Dichiara v. Pelsinger*, No. 3:08-CV-1038 (CSH), 2010 U.S. Dist. LEXIS 89140, at *15-16 (D. Conn. Aug. 30, 2010)(plaintiff suffered significant and unnecessary expense and delay in prosecuting an action where defendant's default was willful); *see also, Speaks v. Donato*, 214 F.R.D. at 73 (in deciding a motion to vacate a default pursuant to Rule 55(c), the court must consider the level of prejudice that may occur to the non-defaulting party if relief is granted).  Plaintiff respectfully submits that it will be severely prejudiced if the Court vacates the default that has been properly entered against the Defendant.

It has been seven (7) months since Plaintiff commenced this action and the Defendant has done nothing but delay this litigation. By Plaintiff's count, Defendant has requested an

12

extension of time to plead on at least five (5) separate occasions and has otherwise ignored Court orders requiring it to plead.  Plaintiff, on the other hand, has continued to incur legal fees and costs in its efforts to prosecute this action and bring it to a swift resolution.  Plaintiff has not received a mortgage payment in over four (4) years on a debt that now exceeds $12 million.  Defendant, however, continues to collect all rental income from Plaintiff's collateral and build up its coffers at Plaintiff's expense.  In addition, as evidenced by the appraisals attached to the Plaintiff's Motion for Receiver of Rents (which remains pending before the Court), Plaintiff's collateral is worth approximately $5,900,000.00.  Even assuming that Plaintiff is successful in obtaining a judgment of strict foreclosure, there will be a substantial deficiency totaling more than $6,000,000.00 and Plaintiff will likely never be made whole.  It is likely that Plaintiff's collateral will continue to depreciate during the course of this litigation creating an even greater deficiency as time goes on.

Defendant's efforts to stall this litigation should not be rewarded by the Court by vacating the entry of default.  To the contrary, the Court should enter a default judgment of strict foreclosure and assign law days.  "While modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v Angelucci Bros. & Sons, Inc.*, 448 F.Supp.2d 193, 195 (D.D.C.2006).  The Plaintiff has, and continues to be, prejudiced by the Defendant's attempts to prevent the foreclosure of its properties and keep them beyond the Plaintiff's reach.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Motion to Set Aside Default and for such other and further relief as the Court deems just and proper.

13

PLAINTIFF FOUNDATION CAPITAL RESOURCES, INC.

By       /s/ Kristin B. Mayhew
    Kristin B. Mayhew (ct20896)
    McElroy, Deutsch, Mulvaney & Carpenter, LLP
    30 Jelliff Lane
    Southport, CT  06890-1436
    Tel.    (203) 319-4000
    Fax    (203) 259-0251
    Email: kmayhew@mdmc-law.com

14

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on July 28, 2017, a copy of the foregoing Plaintiff's Objection to Motion to Set Aside Default was filed electronically and served by mail on the parties identified below.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

<em>/s/ Kristin B. Mayhew</em><br>Kristin B. Mayhew

15