UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FOUNDATION CAPITAL | : | |
| RESOURCES, INC. | : | |
| | : | |
| VS. | : | NO. 3:17cv135(JAM) |
| | : | |
| PRAYER TABERNACLE | : | |
| CHURCH OF LOVE, INC., ET AL. | : | OCTOBER 6, 2017 |

**BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT**

Although relief from a judgment under F. R. Civ. P. 60(b)(6) is rare, *e.g.*, Kramer v. Gates, 481 F.3d 788, 791-92 (D.C. Cir. 2007), it has been granted in cases where the judgment was demonstrably the result of extreme negligence or abandonment by the party's attorney.  Brooks v. Yates, 818 F.3d 532, 534 (9th Cir. 2016); Moje v. Federal Hockey League, LLC, 792 F.3d 756, 758 (7th Cir. 2015); Marino v. Drug Enforcement Admin., 685 F.3d 10176, 1080 (D.C. Cir. 2012).  This is such a case.

As the docket sheet in this case and the affidavit of Pastor Moales demonstrate, the first attorney who represented the defendant entirely abandoned his client and did nothing.  That abandonment resulted in the entry of the judgment.  Thereafter, new counsel chosen by the first attorney appeared

1

and moved to set aside the default because of the plaintiff's failure to provide proper notice of mediation procedures, grounds this court deemed to be patently inadequate. When the grounds asserted by the second attorney in that motion are compared to the defenses and counterclaims set forth in the earlier version of this very same lawsuit, in the Connecticut Superior Court, it is apparent that he was unfamiliar with the file and utterly failed to present grounds which the state court had deemed persuasive. Thus, the exacting test for relief under Rule 60(b) is met in this case.

As Pastor Moales's affidavit and the exhibits attached to it show, this foreclosure action was filed in 2013 in the Connecticut Superior Court. The case was vigorously contested and in 2016, on the eve of a trial which was to include a jury trial on the church's counterclaims, the plaintiff proposed that both sides withdraw their respective claims without prejudice while an effort would be made to obtain alternative financing that would resolve the dispute. Accordingly, the state suit was withdrawn one day before jury selection was scheduled to commence. Seventy-one days later, the plaintiff refiled its action. This time, however, it brought the action in this court. Presumably the plaintiff thought it would be in a friendlier forum, since no other explanation is readily imaginable.

In further support of this motion, the defendant submits:

*Exhibit 1*   Plaintiff's Amended Complaint in the Superior Court

| | |
|---|---|
| *Exhibit 2* | Defendant's Answer, Special Defenses and Counterclaims |
| *Exhibit 3* | Memorandum of Decision denying plaintiff's motion to strike Special Defenses and Counterclaims |
| *Exhibit 4* | Plaintiff's Reply to Special Defenses and Answer to Counterclaims |
| *Exhibit 5* | Defendant's Claim for Trial by Jury on Its Counterclaims |
| *Exhibit 6* | Court Order denying plaintiff's motion to strike claim for trial by jury |

Easily the most significant of these exhibits is Exhibit 3, a lengthy Memorandum of Decision by the Superior Court denying the plaintiff's motion to strike the defendant's counterclaims and special defenses, conclusively substantiating the defendant's argument here that it has meritorious defenses to this foreclosure action. The defendant's prior lawyers utterly failed to bring this dispositive court ruling to the attention of this court or to plead those defenses here. A more extreme example of legal malpractice in this case could hardly be imagined.

Also significant is the Superior Court's ruling holding that the defendant has a right to trial by jury on its counterclaims.

If the defendant's present motion is granted, all of these special defenses and counterclaims will be asserted promptly.

THE DEFENDANT PRAYER TABERNACLE
CHURCH OF LOVE, INC.


BY: /s/
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com


CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


/s/
JOHN R. WILLIAMS