**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| FOUNDATION CAPITAL RESOURCES, INC.,<br>        *Plaintiff*, | |
| v. | No. 3:17-cv-00135 (JAM) |
| PRAYER TABERNACLE CHURCH OF LOVE, INC.,<br>        *Defendant*. | |

**ORDER DENYING MOTION TO STAY PENDING APPEAL**
**AND EXTENDING TEMPORARY STAY OF EXECUTION**

This is a long-running real estate foreclosure action involving a major church and church-related properties in the heart of Bridgeport, Connecticut. Nearly fifteen years ago the church borrowed millions of dollars from a faith-based lending institution to build a cathedral but then fell behind on its payments and defaulted on its loan.

Following years of efforts to restructure the debt and ensuing recriminations and litigation, the church has suffered foreclosure and the loss of legal title to its cathedral and several nearby properties. All that remains for the church at this time is its continuing physical use and occupation of properties it no longer owns in the face of the lender's demands that it leave.

I have recently granted the lender's motion to eject the church from the cathedral and two other properties. The church in turn has appealed my ejectment ruling to the U.S. Court of Appeals for the Second Circuit. The church has also moved to stay my ruling pending the outcome of its appeal, and I have entered a temporary stay for me to consider and address whether the stay should be extended for the duration of the appeal.

1

I will now deny the church's motion for a stay pending appeal. An appeal to the Second Circuit ordinarily takes at least a year and often more time than that to be decided. In my view, the church has not satisfied the well-established legal and equitable requirements that govern whether to grant a stay for the entire duration of an appeal.

Nevertheless, I will grant a limited extension of the existing temporary stay. As to the cathedral property and another property that is used for a soup kitchen, I will extend the temporary stay through the end of the calendar year to January 7, 2022. This extension is appropriate in light of the reliance interests of innocent third parties who count on the vital services of worship, schooling, daycare, and feeding that are provided at these properties. As to a third property that is used primarily for storage of electrical equipment by a friend of the church's pastor, I will extend the stay for only one more month to November 22, 2021. In addition, I will refer the parties to U.S. Magistrate Judge Thomas O. Farrish for a settlement conference in hopes they might resolve their remaining differences by conciliation rather than by continued adversarial litigation.

* * *

The plaintiff Foundation Capital Resources, Inc. ("Foundation Capital") is a religious lending institution affiliated with the Assemblies of God. The defendant Prayer Tabernacle Church of Love, Inc. ("Prayer Tabernacle") is a church organization that has a long history and presence in downtown Bridgeport, Connecticut. Over a three-year period from 2007 to 2009, Foundation Capital lent about $8 million to Prayer Tabernacle for Prayer Tabernacle to build a new cathedral at 729 Union Avenue in Bridgeport. But Prayer Tabernacle soon defaulted on the loan, and Foundation Capital eventually filed a foreclosure lawsuit after efforts to restructure the debt proved unsuccessful.

Initially, Prayer Tabernacle failed even to defend against the foreclosure action when it was first filed in January 2017 in federal court (after prior state court litigation). I granted default judgment against Prayer Tabernacle but then later granted its motion for relief from judgment on the basis of its representations that it had a meritorious defense to foreclosure.[1]

Eventually the action proceeded to a bench trial in June 2019 on Foundation Capital's foreclosure claim.[2] In February 2020, I issued findings of fact and conclusions of law determining that there was no dispute that Prayer Tabernacle had failed to pay its debt and that Prayer Tabernacle had also failed to prove any of its defenses and counterclaims for fraud, unconscionability, unclean hands, and unfair trade practices.[3]

The bench trial principally featured the testimony of Pastor Kenneth Moales, who accused Foundation Capital of engaging in fraud and predatory lending practices. My 47-page ruling evaluated his testimony in great detail and concluded that it was not credible or supported by the testimony of other witnesses or the whole of the documentary evidence record presented at trial.[4]

Prayer Tabernacle appealed my bench trial ruling, but the Second Circuit dismissed the appeal because of Prayer Tabernacle's failure to perfect the appeal.[5] I later denied Prayer Tabernacle's motion for relief from the judgment of strict foreclosure. I concluded that, notwithstanding Prayer Tabernacle's effort to blame its appellate counsel for failing to perfect

---

[1] Doc. #75; *Found. Cap. Res., Inc. v. Prayer Tabernacle Church of Love, Inc.*, 2017 WL 5179030 (D. Conn. 2017).
[2] Docs. #138-141 (trial transcripts). The bench trial followed my ruling at the summary judgment stage of the litigation concluding that there were genuine issues of fact for trial as to Prayer Tabernacle's predatory lending defenses. Doc. #102; *Found. Cap. Res., Inc. v. Prayer Tabernacle Church of Love, Inc*., 2018 WL 4697281 (D. Conn. 2018).
[3] Doc. #144; *Foundation Cap. Resources, Inc. v. Prayer Tabernacle Church of Love, Inc.*, 2020 WL 967466 (D. Conn. 2020).
[4] *Id*.
[5] Doc. #163.

the appeal, Prayer Tabernacle had failed to show any prejudice because it had failed to identify

any substantial grounds for an appeal to challenge the trial and foreclosure judgment.[6]

Despite the fact that title and ownership of the properties have now passed more than a

year ago to Foundation Capital, three of the properties continue to be occupied and used by

persons and entities affiliated with Prayer Tabernacle. The first and principal church property is

at 729 Union Avenue. It is used as a place of worship by "The Cathedral of the Holy Spirit," as a

daycare provider by "Kingdom's Little Ones," as a summer camp by "Camp Agape Summer

Camp," and as an elementary school by "Love Christian Academy."[7] The second property is at

1243 Stratford Avenue, and it is used as a soup kitchen by "The Agape Soup Kitchen."[8] The

third property is at 1277 Stratford Avenue, and it is used by a church-affiliated electrician for

general storage of electrical parts and for occasional meetings of a youth club known as the

"Light Club Youth Team."[9]

This continued use of the properties has led to yet another round of protracted litigation.

Foundation Capital moved pursuant to Fed. R. Civ. P. 70 for an order in aid of execution to

require that Prayer Tabernacle identify any genuine tenants at the foreclosed properties and, in

the absence of any genuine tenancies, to deliver possession of the properties to Foundation

---

[6] Doc. #184. My docket order stated in relevant part: "Defendant received a full and fair trial. Even if the Court were to assume neglect by Attorney Williams with respect to defendant's appeal, defendant fails to show that it has any substantial issue to present on appeal or that it acted with diligence with respect to monitoring the status of its appeal. Nor does the docket of the Second Circuit appeal (No. 20-2054) reflect any effort by defendant to move to recall the mandate or to re-open the appeal in light of the alleged neglect of Attorney Williams. It would be pointless for the Court to re-open the judgment in view that there is no appeal pending and that defendant has made no effort to revive the appeal in the more than two months that have elapsed since Pastor Moales allegedly learned for the first time on September 7, 2020 that the appeal was dismissed. In light of Pastor Moales' extensive business background and that this is now the second time in this litigation that defendant has sought an extension of time and extraordinary relief on the basis of alleged attorney neglect, the Court is not convinced that this motion for relief from the judgment of strict foreclosure is brought in good faith rather than for an improper purpose of delay." *Ibid.* (citations omitted).

[7] Doc. #245 at 13-18. Although the name of the church has changed from Prayer Tabernacle of Love to The Cathedral of the Holy Spirit, its activities continue to be led by Pastor Moales.

[8] *Id.* at 18-19.

[9] *Id.* at 19-21. The electrician and Light Club's founder, Richard Gage, is Pastor Moales's best friend. *Id.* at 20.

Capital.[10] I referred this motion to Judge Farrish, and he conducted an evidentiary hearing to determine in relevant part whether there were genuine tenant relationships at the church's property that should prevent Foundation Capital from taking immediate possession. Judge Farrish issued a comprehensive ruling concluding in relevant part that there were no genuine tenant relationships between Prayer Tabernacle and the various occupants of the properties at 729 Union Avenue, 1243 Stratford Avenue, and 1277 Stratford Avenue.[11]

I adopted Judge Farrish's recommended ruling and entered a Rule 70 order in aid of execution for Foundation Capital to take possession of these three properties within 14 days of service of the order.[12] This prompted Prayer Tabernacle to file a notice of appeal from my Rule 70 order and also to move for a stay pending appeal.[13]

Prayer Tabernacle states that it intends to raise the following three claims on appeal:

1. Whether the District Court erred when it ordered the ejectment of tenants and/or occupants of the subject premises who were never made parties to the underlying foreclosure action?

2. Whether the District Court erred when it determined that the tenants at 729 Union Avenue, Bridgeport, CT (Cathedral of the Holy Spirit, Kingdom's Little Ones Daycare, Love Christian Academy, and Camp Agape Summer Camp) were not legal entities separate from the defendant/appellant at the time when they became tenants.

3. Whether the District Court erred when it determined that the tenants at 729 Union Avenue, Bridgeport, CT (Cathedral of the Holy Spirit, Kingdom's Little Ones Daycare, Love Christian Academy, and Camp Agape Summer Camp) did not hold genuine tenancies due to inconsistencies in the written leases between the defendant/appellant and the tenants.[14]

---

[10] Doc. #193.
[11] Doc. #245 at 13-21 (recommended ruling).
[12] Doc. #250 (order adopting recommended ruling).
[13] Doc. #260 (amended notice of appeal); Doc. #261 (amended stay motion).
[14] Doc. #261 at 4.

Foundation Capital opposes the motion to stay pending appeal.[15] On September 17, 2021, I entered a temporary stay pending my decision on the stay motion and then conducted a hearing with the parties on October 8, 2021, to inquire further into the legal and equitable factors governing whether to grant the motion to stay.[16] At this hearing I heard from Pastor Moales and others about the current uses of the properties.

DISCUSSION

In determining whether to issue a stay pending appeal, a court should consider the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *S.E.C. v. Citigroup Global Mkts. Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (*per curiam*).[17]

### *Likelihood of success*

As to the first factor of likelihood of success, I agree for substantially the reasons stated by Foundation Capital that Prayer Tabernacle has not established a likelihood of success on appeal.[18] Judge Farrish's recommended ruling following an evidentiary hearing extensively examined and rejected Prayer Tabernacle's claims with respect to the asserted tenancy interests of the organizations that are using the properties at issue. Prayer Tabernacle has not demonstrated any errors of fact or law by Judge Farrish.

---

[15] Doc. #264.
[16] Doc. #263 (order of temporary stay); Doc. #270 (minute entry for hearing). I subsequently conducted a teleconference with counsel on October 12, 2021, to advise of my likely ruling on the stay motion. Doc. #272.
[17] For purposes of readability, my quotations from court decisions in this ruling omit internal citations, quotation marks, and bracketing unless otherwise noted.
[18] Doc. #264 at 5-10.

Moreover, there is grave doubt whether Prayer Tabernacle even has standing to maintain its appeal if, as it argues with respect to all three of its claims, the tenant entities have a separate legal existence.[19] The injuries that Prayer Tabernacle claims are to the continued use-and-occupancy interests of the alleged tenants. But the usual rule is that a party does not have standing to assert the rights of third parties absent a reason why the third parties are unable to assert their rights themselves. *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016).

None of the third-party entities here—The Cathedral of the Holy Spirit, Kingdom's Little Ones, Camp Agape Summer Camp, Agape Soup Kitchen, and the Light Club Youth Team—have moved to intervene in this action or on appeal. No reason is apparent why they have failed to do so if indeed they are separate legal entities with genuine tenancies as Prayer Tabernacle insists. Nor has Prayer Tabernacle offered any reason why it has standing to press the rights of these third parties on appeal.

Moreover, to the extent that Prayer Tabernacle might claim standing to assert its own financial interests in the receipt of rental payments from these third parties, this claim ignores that Prayer Tabernacle is no longer the legal owner of any of the properties at issue. Because it no longer owns the properties, it is hard to see how it has any legitimate claim to rental payments from any third parties who are occupying or using these properties.

### Irreparable harm to applicant

As to the second factor of irreparable harm to the applicant, I agree for substantially the reasons stated by Foundation Capital that Prayer Tabernacle has not established that it will suffer

---

[19] As Judge Farrish concluded, however, the various entities are not actually separate from Prayer Tabernacle at all. *See* Doc. #245 at 13-21.

irreparable harm if a stay is not granted pending appeal.[20] Again, I have to view this claim for irreparable harm through the prism of Prayer Tabernacle's litigation position that the properties are actually in the possession and control of genuine tenants who are separate legal entities. It is hard to see how Prayer Tabernacle can claim to suffer irreparable harm from being required to vacate properties it no longer owns. Loss of rental income from third parties is not irreparable harm because it can be fully remedied by monetary damages. *See In re Taub*, 470 B.R. 273, 278 (E.D.N.Y. 2012). And because Prayer Tabernacle does not legally own the properties at issue, it has no legitimate claim for rental payments in the first place.

### *Substantial injury to other parties*

As to the third factor of whether issuance of the stay will substantially injure the other parties interested in the proceeding, it is clear that Foundation Capital would be substantially harmed if its ability to take possession of the properties at issue were delayed for the year or more that an appeal is likely to last. Prayer Tabernacle now owes Foundation Capital more than $15 million stemming from loans that issued over a decade ago.[21] Prayer Tabernacle has not made a mortgage payment for the last eight years—since 2013.[22] Nor has it paid property taxes or utilities for several years, compelling Foundation Capital to make these payments in its place in order to avoid potential legal and financial complications. For example, Foundation Capital has paid more than $58,000 over the past six months in taxes and utilities for various church-related properties.[23]

---

[20] Doc. #264 at 10-14.
[21] Doc. #252 at 35.
[22] Doc. #264 at 14.
[23] *Ibid.*

*Public interest*

As to the fourth factor of where the public interest lies, Foundation Capital asserts that the public interest "lies in the enforceability and finality of the order of this Court" and that "[p]arties simply cannot be permitted to endlessly circumvent decisions of the Court or the general public's faith in the legal system will erode."[24] This is surely a valid point. On the other hand, there are a great number of worshippers, school children, and daycare children who have long relied on and continue to rely on the buildings at issue. The main church building at 729 Union Avenue functions as a major community center in the heart of Bridgeport, functioning in recent times as a forum for COVID-19 vaccinations. Those who attend worship, school, or daycare at the church are innocent third parties so far as I can tell, in the sense that they are not alter egos of Prayer Tabernacle but rely on the vital services that the church provides in their community.

*Consideration of all four factors*

All in all, I conclude that Prayer Tabernacle has not established grounds to warrant a stay pending appeal. It does not have a likelihood of success and probably lacks standing even to maintain the claims it proposes to advance on appeal. It will not suffer irreparable harm that is distinct from any harm to the entities that it insists are legally separate entities but who have not intervened in this action or the appeal. By comparison, significant harm will result to Foundation Capital as it continues to carry the tax and utility burdens of the church properties as well as the ongoing risk of property damage and deterioration, all on top of the years upon years of non-payment that it has already endured. The public interest cuts both ways: it favors enforcement of court judgments but also favors a fair consideration of the harm to innocent third parties who use

---

[24] *Id.* at 15.

the properties for worship, schooling, daycare, and for basic nutrition from the soup kitchen.
When all four factors are considered together, they weigh decisively against granting a stay
pending the entire duration of the appeal. Therefore, I will deny the motion to stay pending
appeal.

Prayer Tabernacle relies as well on Fed. R. Civ. P. 62(b), which states in relevant part
that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or
other security." But Prayer Tabernacle does not propose to post a supersedeas bond for the full
amount of its multi-million dollar debt to Foundation Capital. Instead, it offers to pay just $5,000
per month pending the duration of the appeal.[25] This paltry amount does little in the way of
addressing Foundation Capital's legitimate interest in adequate security pending appeal.

### *Extension of temporary stay*

Although I decline to enter a stay pending appeal, this leaves the question of when to lift
my order of temporary stay and to require all current occupants of the properties to vacate and
deliver full possession to Foundation Capital in accordance with my Rule 70 order in aid of
execution. The answer depends on the particular properties at issue.

First, as to the property at 1277 Stratford Avenue, it is being used as an electrical
equipment storage facility by an electrician and friend of Pastor Moales, and only very
occasionally as a meeting place for the Light Club Youth Team.[26] There is no showing why the
friend of Pastor Moales could not store his electrical equipment and the Light Club Youth Team
could not conduct their occasional meetings at another location. In the absence of any
countervailing or public interest equities, I conclude that one month is enough time for any
current occupants to vacate the premises and for Foundation Capital to take full possession of the

---

[25] Doc. #261 at 8-9.
[26] Doc. #245 at 19-20 (noting in part that the club met only three times in 2020).

property. Therefore, as to the property at 1277 Stratford Avenue, the Court extends the temporary stay of the Rule 70 order in aid of execution until **12:00pm on November 22, 2021**. This deadline will not be extended absent mutual consent and joint motion of the parties.

Second, as to the properties at 729 Union Avenue and 1235 Stratford Avenue, the equities warrant extending the temporary stay for a longer period of time. Both of these properties are in active use for vital worship, schooling, childcare, and feeding activities. The reliance interests of those who use and depend upon the benefits from the services at these properties is strong. It is therefore appropriate to extend the temporary stay of my Rule 70 order for several more weeks, through the end-of-year holidays until the first week of January 2022. This should be enough time for both the sponsors and beneficiaries of activities at these properties to make alternative arrangements for worship, schooling, childcare, and soup kitchen programs. Accordingly, as to the properties at 729 Union Avenue and 1235 Stratford Avenue, the Court extends the temporary stay of the Rule 70 order in aid of execution until **12:00pm on January 7, 2022**. This deadline will not be extended absent mutual consent and joint motion of the parties.

It is so ordered.

Dated at New Haven this 21st day of October 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge